

/       C .    4 7 4

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: DelAware | |
|---|---|---|
| Name (under which you were convicted): LARRY E. Johnson | | Docket or Case No.: |
| Place of Confinement : DelAware Correction Center 1181 PAddock Rd Smyrna, DE 19977 | Prisoner No.: 277330 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| LARRY E. Johnson | v. Warden Perry PHelps | |
| The Attorney General of the State of N/A | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    DelAware Superior Court
    500 N. King St.
    Wilm, DE 19801

    (b) Criminal docket or case number (if you know): 0309013375

2.  (a) Date of the judgment of conviction (if you know): July 31, 2004

    (b) Date of sentencing: Sept 2, 2004

3.  Length of sentence: Life

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    2 Counts of murder 1st Life For each Count
    Burglary 1st 2yrs. 6 mos. level 5 susp. After 2yrs For 6mos. level4
    Consp 2nd 1yr level 5

    3 Counts of Possession of a Firearm During Commission of a felony 3yrs for

6.  (a) What was your plea? (Check one)                                             Each Count

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

FILED

JUL 30 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 241
(Rev. 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of Del.

(b) Docket or case number (if you know): No. 429, 2004

(c) Result: Affirmed

(d) Date of result (if you know): July 1, 2005

(e) Citation to the case (if you know):

(f) Grounds raised:

1. The trial Judge committed Error At law by Allowing Alleged threats of Co-Defendant Against States witness to be Admitted in a Joint trial where Alleged threats were prejudicial to Appellant And Appellant could not confront the Co-defendant.

2. The trial Judge committed error At law by Allowing the introduction of prior out of Court statements where Declarant was not subject to Cross examination depriving Appellant of his Constitutional Right of Confrontation

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

(cont →)

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Delaware Superior Court

(2) Docket or case number (if you know): NO. 0309013375

(3) Date of filing (if you know): June 27, 2006

(4) Nature of the proceeding:  Post Conviction Relief

(5) Grounds raised:

1. Collateral Estoppel (Double Jeopardy)
2. Ineffective Assistance of Counsel x4
3. Abuse of Discretion by trial Judge
4. Trial Judge comitted error At Law

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme Court of Del.

(2) Docket or case number (if you know): No. 648, 2006

(3) Date of filing (if you know): Dec. 12, 2006

(4) Nature of the proceeding: Appeal to higher court (state) Seeking Relief After being
(5) Grounds raised: denied post conviction Relief by lower state court.

I. Trial Judge Abused her discretion by allowing state to introduce evidence of A crime for which defendant was previously acquitted.

II. The trial Judge committed error At Ines by Allowing testimony of Appellants previous Arrest.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes    ☑ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:     ☑ Yes     ☐  No

(2) Second petition:    ☑ Yes     ☐  No

(3) Third petition:     ☐  Yes     ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
       laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
       remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
       grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Trial Judge Abused her discretion by Allowing State
to Introduce evidence of a Crime for which Appellant was
Previously Acquitted.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellant was Arrested for possession of a firearm
by A person prohibited and subsequently Acquitted of
said possession by A federal Jury. This weapon was later
linked to Case At bar. Trial Judge ruled that defense Couldn't
introduce the results (Acquittal) of said weapons charge. Yet,
Allowing State to procede As if there never were A previous
trial thus no Double Jeopardy/Collateral Could be Attached.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: Counsel objected during trial but refused to add the argument in the direct Appeal because it was deemed to be meritless by Counsel.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 61 Post Conviction Relief

    Name and location of the court where the motion or petition was filed:
    Del. Superior Court 500 N. King st.
                Wilm, DE 19801

    Docket or case number (if you know): 0304213375

    Date of the court's decision: Nov 9 2006

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

    (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
    Del Supreme Court P.O. Box 476
                Dover, DE 19903

    Docket or case number (if you know): No. 648, 2006

    Date of the court's decision: March 11, 2008

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Trial Judge committed error At law

by Allowing testimony of Appellants previous Arrest.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Judge Allowed Arresting officer to testify
Without Analyzing said testamony in Accords with
established State law

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Counsel objected to the
introduction of the officers testimony At trial. But failed to
include the objection in the direct Appeal for unexplained Reasons.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61 Post conviction Relief

Name and location of the court where the motion or petition was filed:
Del. superior court 500 N. King st.
Wilm, DE 19801

Docket or case number (if you know): 0309013375

Date of the court's decision: Nov. 9, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Del Supreme Court Dover DE  P.O. Box 476
Dover  19903

Docket or case number (if you know): 648, 2008 G

Date of the court's decision: March 11, 2008

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
       have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
|---|---|---|
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☑ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Edward Pankowski

(b) At arraignment and plea: Anthowy A. Figliola

(c) At trial: Anthowy A. Figliola + Edward Pankowski

(d) At sentencing:

(e) On appeal: Anthowy A. Figliola

(f) In any post-conviction proceeding:

PRO-Se

(g) On appeal from any ruling against you in a post-conviction proceeding:

PRO-Se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Appellants Judgement of Conviction became final July 22, 2005
Appellant filed for State post conviction Relief June 22, 2006 it was denied Nov 9, 2006
Appellant Appealed denial of post conviction Relief to States highest court Dec. 12, 2006
Appellants Appeal to States highest court was denied March 11, 2008
Thus Appellant prays that his motion dated

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

✎AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A new trial

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  July 28, 2008  (month, date, year).

Executed (signed) on  July 21, 2008  (date).

Larry E. Johnson
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *



EFiled  Mar 11 2008  1 37PM
Filing ID 18941923
Case Number 648,2006

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY E. JOHNSON, | § | |
| | § | No. 648, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0309013375 |
| Appellee. | § | |

Submitted: December 17, 2007
Decided: March 11, 2008

Before **STEELE,** Chief Justice, **HOLLAND** and **RIDGELY,** Justices.

## O R D E R

This 11th day of March 2008, upon consideration of the briefs of the parties it appears to the Court that:

(1)    The appellant, Larry E. Johnson, has appealed the Superior Court's November 9, 2006 denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1]  Johnson's appeal is without merit, and we affirm.

(2)    The record reflects that Johnson was arrested in 2003 and indicted on murder charges stemming from an August 31, 2001 home invasion in Wilmington, Delaware.  In 2004, a Superior Court jury convicted

---

[1] *State v. Johnson*, 2006 WL 3308200 (Del. Super. Ct.).

Johnson of two counts of Felony Murder in the First Degree and related offenses. The Superior Court sentenced Johnson to life in prison. On direct appeal, this Court affirmed Johnson's conviction and sentence.[2]

(3)    In 2006, Johnson filed a motion for postconviction relief. Johnson alleged that the Superior Court made evidentiary errors and that his counsel was ineffective. The Superior Court denied Johnson's claim of ineffective assistance of counsel on the merits and barred the evidentiary claims[3] pursuant to Rule 61(i)(3).[4] This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[5]

(4)    In his opening brief on appeal, Johnson advances the evidentiary claims that he raised in his postconviction motion. Johnson does not, however, raise his ineffective assistance of counsel claims. The Court deems Johnson's ineffective counsel claims to be waived.[6]

(5)    Johnson's evidentiary claims arise from testimony admitted into evidence from a Delaware State police detective that a gun was seized from

---

[2] *Johnson v. State*, 878 A.2d 422 (Del. 2005).

[3] *See Hamilton v. State*, 2004 WL 1097703 (Del. Supr.) (citing *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) (providing that the Superior Court must apply the procedural requirements of Rule 61 before reaching the merits of the claims)).

[4] *See* Del. Super. Crim. R. 61(i)(3) (providing that a claim that could have been raised but was not is barred unless the movant demonstrates "cause" for his failure to raise the claim and "prejudice" as a result of that default").

[5] *Outten v. State*, 720 A.2d 547, 551 (Del. 1998).

[6] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (citing *Murphy v. State*, 632 A.2d 1150, 1152-53 (Del. 1993)).

2

Johnson incident to a vehicle stop on November 12, 2001, nearly two and one-half months after the murders. In 2002, Johnson was tried and acquitted in the Federal District Court on possession of firearm charges as a result of the November 12, 2001 vehicle stop.

(6)    At trial, the State was allowed to introduce evidence that the gun seized from Johnson incident to the November 12, 2001 vehicle stop was one of the weapons that was used at the murders on August 31, 2001. Johnson, however, was not allowed to present evidence that he was acquitted of the federal gun charges that arose from the November 12 vehicle stop.

(7)    In his motion for postconviction relief and now on appeal, Johnson argues that double jeopardy principles should have precluded the State from presenting evidence that he possessed a gun on November 12, 2001. Second, Johnson argues that the Superior Court did not perform a required *Getz* analysis.[7] Finally, Johnson argues that the Superior Court erred when it admitted evidence that he possessed a gun on November 12, 2001, but excluded evidence that he was acquitted of related federal gun charges.

---

[7] *See Getz v. State*, 538 A.2d 726, 730 (Del. 1988) (holding that Super. Ct. Crim. R. 404(b) forbids the proponent of prior bad act evidence from offering the evidence to support a general inference of bad character).

3

(8)    Because Johnson did not raise any of his arguments on direct

appeal, the arguments are procedurally barred pursuant to Rule 61(i)(3)

unless Johnson can demonstrate "cause" for failure to raise the claims and

"prejudice" as a result of the default.[8]  The Superior Court concluded, and

we agree, that Johnson has not demonstrated cause for failing to raise the

claims on appeal and prejudice.[9]  This Court further concludes that Johnson

has not demonstrated a basis upon which to apply an exception to the Rule

61(i)(3) procedural bar.[10]

(9)    Moreover, as an alternative basis for denying postconviction

relief, to the extent Johnson's claims were raised and rejected by the

Superior Court at trial, the claims are also barred pursuant to Rule 61(i)(4).[11]

---

[8] *See Oney v. State*, 482 A.2d 756, 758 (Del. 1984) (applying Rule 61(i)(3) cause and prejudice analysis to issue that was raised at trial but was not raised on direct appeal).

[9] Johnson's contention that the Superior Court did not conduct a *Getz* analysis is not supported by the record. Trial Tr. at 112-21 (July 22, 2004). Johnson's acquittal on federal gun charges did not automatically prevent the State from presenting evidence that he possessed a gun on November 12, 2001. *See Dowling v. State*, 493 U.S. 342, 348 (1990) (declining to extend collateral estoppel component of double jeopardy clause to exclude in all circumstances relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted).

[10] *See* Del. Supr. Ct. Crim. R. 61(i)(5) (providing in pertinent part that the procedural bar of Rule 61(i)(3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction).

[11] *See* Del. Super. Ct. Crim. R. 61(i)(4) (providing that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.").

4

· The Court does not conclude that the interests of justice warrant reconsideration of the previously adjudicated claims.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele
Chief Justice

---

[12]*Id.*

**STATE OF DELAWARE**    }
                             } ss.

**KENT COUNTY**             }

I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing is a true and correct copy of the Order dated March 11, 2008, in *Larry E. Johnson v. State of Delaware,* No. 648, 2006, as it remains on file and of record in said Court.

### IN TESTIMONY WHEREOF,

I have hereunto set my hand and affixed the seal of said Court at Dover this 28th day of March A.D. 2008.

_____

/s/ Audrey F. Bacino
Assistant Clerk of Supreme Court

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | No.    0309013375 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY E. JOHNSON JR., | : | |
| Defendant. | : | |

Submitted:  October 13, 2006
Decided:  November 9, 2006

## O P I N I O N

Petitioner Larry E. Johnson Jr. ("Johnson") seeks postconviction relief in

connection with his conviction on July 31, 2004, of Murder in the First Degree (2 counts)

and related charges.  He was sentenced to life in prison on each murder count.  The

conviction was affirmed by the Supreme Court on July 1, 2005.  Defendant has filed a

*pro se* motion for post-conviction relief.

### Summary of the Evidence

The evidence at trial indicated that in the late hours of August 31, 2001,

Travanian Norton ("Norton") encountered Donald Cole ("Cole") and Larry Johnson

("Johnson") in Riverside, a Wilmington neighborhood.  Norton was looking for a ride.

Cole and Johnson told Norton that they were going to do a "sting," street slang for a

Robbery.  Norton testified that they went in a car, driven by Johnson, with Cole in the

front passenger seat, to a location approximately two blocks from the scene of the

murders.  Johnson took a gun from a bag in the trunk of the car which he accessed

his parents were shot. He was afraid to open his door because he was not sure whether the shooter was still there. The police arrived quickly and broke into the house. Jones was transported to the hospital as he was still alive. He died shortly thereafter. Nurridin was dead at the scene.

A neighbor, hearing the initial ruckus through an open window, looked out and saw three men leaving the alleyway behind between 23rd and 24th Streets. She called 911 and reported what she saw to the police.

The principle shooter in the crime was Cole. Johnson was also on the upstairs landing. The evidence is that Cole fired six shots from his .22 caliber gun, and Johnson fired a single shot from a 9 mm gun. The shots struck the upper body areas of the two fallen parents. Later investigation demonstrated that a third gun, a different 9 mm, was fired, as a casing from the third gun was located near the bottom of the stairs. That gun was fired by Norton. Norton testified that he fired the gun into the air in order to be a participant in the crime, something he felt he needed to do for his own safety.

Initially there were no suspects in the case. But ballistics soon proved that two of the guns used on 23rd Street were the same as two guns used nine days previously at a home invasion robbery at 1348 Lancaster Avenue. A fingerprint of Cole, found on the window broken to gain access to the house at 1348 Lancaster Avenue, linked Cole to that crime.

During a police stop on November 12, 2001, a gun was found under a vehicle occupied by Johnson. That gun proved to match the casing found at the bottom of the stairway on 23rd Street. That gun linked Larry Johnson to the 23rd Street murders.

3

Because the State had proven at least one statutory aggravating factor, the jury was asked to vote on whether, by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bears upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, the aggravating circumstances found to exist outweighed the mitigating circumstances found to exist.

### Johnson's Aggravating Circumstances

To demonstrate additional aggravating circumstances, the State elicited testimony from several police officers involved in the investigation of the defendants' past crimes. A Dover police officer testified about an armed robbery of a convenience store in Dover in 2000, in which Johnson was one of three males involved. Johnson plead guilty to Robbery First Degree and Robbery Second Degree.

Another officer testified that Johnson plead guilty to Conspiracy Second Degree in connection with a Robbery at the Fairfax Shopping Center in 1996. Johnson was one of three males who pushed a 54 year old woman to the ground as she got into her car and stole her cell phone.

A third officer testified about a near-fatal traffic accident in 1994 on East 30th Street in Wilmington. The incident involved Johnson, who at the age of 14, lost control of the vehicle he was operating at a high rate of speed, causing it to cross over the double-yellow line and strike an oncoming car. Johnson plead guilty to Vehicular Assault Second Degree.

### Johnson's Mitigating Evidence

Because at least one statutory aggravating factor was found as a matter of law, the jury was only asked to consider whether the aggravating circumstances outweighed the mitigating circumstances to warrant the death penalty. Following deliberations, the jury returned a verdict of 1-11 in favor of life imprisonment for Johnson.

### Johnson's Motion for Post-Conviction Relief

On June 27, 2006, Johnson filed claims for postconviction relief with this Court. In his motion, Johnson asserts seven grounds for relief. Claims (1), (3) and (4) allege that the court committed reversible error by: (1) allowing the prosecution to introduce evidence that appellant possessed a weapon despite having been acquitted of the charge in a previous trial; (3) prohibiting defense counsel from introducing the results (acquittal) of a weapons charge that state sought to introduce to prove identity and; (4) failing to analyze evidence of a prior bad act in accord with the Delaware Rules of Evidence prior to admitting it into evidence. Claims (2),(5),(6), and (7) allege ineffective assistance of counsel.

### Procedural Bars to Post-Conviction Relief

Johnson's motion for postconviction relief is controlled by Superior Court Criminal Rule 61. The analysis begins by applying the rules governing procedural requirements before giving consideration to the merits of the underlying claim.[1] The claims of legal error, (1), (3) and (4), relate to evidentiary matters. All were or could have been raised on direct appeal. In order for Johnson to raise the issues for the first time in his present petition for postconviction relief, he is required to show "cause" for

---

[1] *Flamer v. State*, 585 A.2d 736, 747 (Del. 1990).

As to claim (2), that his attorney Anthony Figliola was unprepared for trial,

Johnson argues that "[b]ecause counsel didn't investigate prior to trial he couldn't argue

convincingly that the weapon shouldn't be used against defendant at trial."[5] Mr. Figliola

has responded that, "[c]ounsel was definitely prepared for trial, was aware of the prior

conviction and also aware of the ballistics reports regarding the weapon."[6] In a letter to

Johnson on February 11, 2005, Mr. Figliola states:

> Regarding the introduction of your gun at trial, after hours of research, it
> was clear that the entry of the gun was permissible at your trial. The case
> law was clear that it was proper to present the evidence, that is why I did
> not raise the issue on appeal. Granted I thought it was a hot issue when it
> happened, but upon further review, it had no merit and that is why I did
> not raise it.

Johnson has failed to cite to any authority to support his argument that evidence of the

gun seized from Johnson incidental to a stop which occurred two months after the

murders should have been excluded at trial. He has not demonstrated how Mr. Figliola's

efforts fell below an objective standard of reasonableness or how the outcome of this case

would have been affected.

As to claim (5), that Mr. Figliola failed to meet with him prior to trial to discuss

trial defense or provide him with Rule 16, Mr. Figliola has responded that:

> Mr. Johnson was supplied with Rule 16 evidence. It was given to him on
> more than one occasion and this allegation is without merit.    Jenks
> Material is not available prior to trial and could not be given to him.
> Additionally it is defense counsels responsibility to prepare the defense
> and make strategical decision. It is not the right of the defendant unless in
> fact he is representing himself.[7]

I accept Mr. Figliola's representations that materials were provided. Even if they

were not, Johnson has failed to make a showing of prejudice.

---

[5] See Johnson's Memorandum of law in support of Rule 61 motion for post-conviction relief at 6.

[6] Affidavit of Anthony A. Figliola, Jr. at 1.

[7] *Id*. at 2.

9

The final claim alleges that Mr. Figliola was ineffective for failing to hire a

ballistics expert to attack the State's evidence that the gun found near Johnson two and a

half months after the murders was used in that crime. Mr. Figliola has responded that:

> Counsel did not hire a ballistics expert due to the fact that the co-
> defendant had hired a ballistics expert and counsel believed that the
> additional expense of hiring an additional expert would serve no legitimate
> purpose. Counsel was permitted to review the ballistics documentation
> from co-defendant's expert, which in fact agreed with the State's expert.
> It served no basis to call said expert to validate the Court's [sic] findings.
> Additionally, the findings of the ballistic expert confirmed that the
> [casing] found at the bottom of the steps matched the weapon that was
> allegedly found on Larry Johnson in November. The evidence, allegedly,
> at worst put Johnson at the bottom of the steps and not at the top of the
> steps, shooting at victims, as co-defendant, Norton testified. Counsel
> believes that the verdict of the jury acquitting Larry Johnson of First
> Degree Intentional Murder was attributed to them believeing that Johnson
> was not a shooter, as Norton had testified.

There is no indication from Johnson as to how the efforts of his counsel fell below an

objective standard of reasonableness, or in what way the outcome of his case would have

been different if Mr. Figliola had hired a ballistics expert. Johnson provides no basis for

this Court to conclude the results of an additional ballistics expert would have been any

different or would have affected the outcome of the case.

Johnson has failed to demonstrate any basis for postconviction relief.

The Petition is Denied.

IT IS SO ORDERED.

The Honorable Susan C. Del Pesco

Original to Prothonotary
xc:    Larry E. Johnson, Jr.
        Daniel R. Miller, Esquire
        Anthony A. Figliola, Jr., Esquire

11

Larry E. Johnson
SBI# 277320          UNIT MHU- 23- BL7
**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**



Office of the Clerk
United States District Court
844 N. King St., lockbox 18
Wilm, DE
                19801-3570