

COPY In The United States District Court

Larry E. Johnson
          Petitioner

                                        0 8 - 4 7 4

V.

Warden Perry Phelps
And the Attorney General
of the State of Delaware
                    Respondents



FILED

JUL 30 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petition Under USC (28) 2254
Writ of Habers Corpus

                    Appellants Opening Brief

July 21, 2008

                    Pro SE, Larry E. Johnson #277320
                              1181 Paddock Rd.
                              Smyrna, DE
                                        19977

I

# Table Of Contents

| | Page |
|---|---|
| Table of Citations | III |
| Nature and Stage Of Proceedings | 1 |
| Summary of the Argument | 3 |
| Statement of facts | 4 |
| Arguments | 6 |
| I. Trial Judge Abused her discretion by Allowing State to introduce evidence Of a crime for which defendant was Previously acquitted. | |
| II. Trial Judge committed error At law by Allowing testimony of Appellants Previous Arrest. | 13 |
| Courts Decisions | 21 |
| Entitlement to Relief | 22 |
| Conclusion | 18 |

# Table of Citations

|  | Page |
|---|---|
| ASHE V. Swenson, 397 US. 436, 90 S. Ct. 1189, 25 L.ed 2d 469 (1970) | 7 |
| Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996) | 6, 13 |
| Flamer v. State, 585 A.2d 736, 754 (Del. 1990) | 6, 13 |
| Getz v. State, 538 A.2d 726 (Del. Supr. 1988) | 15 |
| Joynes v. State, 979 A.2d 673 (Del. 2002) | 15 |
| Milligan v. State 761 A.2d 6 (Del 2000) | 17 |
| Sheeran v. State 441 A.2d 235 (1981) | 11 |
| US v. Oppenheimer, 242 US 85 (37. Ct. 68, 61 Led 161) 1916 Id at 443, 90 S. Ct. At 1194 | 8 |
| U.S. V Pappas, 445 F.2d 1194 (3rd Cir. 1971) | 11 |
| Wingate v Wainwright 464 F.2d | 9 |

## Statutes

| | |
|---|---|
| Fifth Amendment US Constitution | 3 |
| Fourteenth Amendment US Constitution | 3 |

III

Table of Citations cont.

|  | Page |
|---|---|
| D.R.E 403 | 3, 13, 14 |
| D. R.E 404(b) | 3, 6, 13 |
| D. R.E 105 | 15 |
| D. R.E. 103 | 24 |
| Del. Crim Code tittle 11, Part 1 209 | 3, 7 |
| 75 Yale law Journal 263, 285 | 11 |
| 74 Harvard law Review 1, 38 | 11 |
| 28 University of Chicago law Review 591, 608 | 11 |

Nature and Stage of Proceedings

Appellant was tried in the Superior Court of Delaware

On July 20, 2004 And convicted July 31, 2004 of two

Counts of murder 1st, Burglary first Degree, Conspiracy

Second degree and 3 Counts PFDCF. Appellant was

Sentenced to two consecutive life terms without

Probation or Parole On the 2 Murder charges, 3yrs On

each PFDCF Count, 2yrs on Burglary 1st (susp. After 2yrs)

And 1 year for Conspiracy 2nd. Appellants Attorney Anthony A.

figliola filed a direct Appeal to the Supreme Court of DE

Which was subsequently denied. On June 27, 2006 Appellant

filed a motion for post conviction Relief in the Superior

Court of DE. Appellants postconviction relief in the

Superior Court was denied On November 9, 2006 by

Judge Susan Del Pesco. On December 12, 2006 Appellant

1

filed a notice of Appeal to the Del. Supreme Court. After a show of cause was issued And responded to by Appellant, the notice of Appeal was deemed to be timely. The Appeal to the Supreme Court was denied March 11, 2008. Petitioner now presents his opening brief in support of his motion for writ of habeas Corpus dated July 21, 2008

2

Summary of the Argument

1. During the course of trial the State introduced A firearm for which Appellant had been Previously Acquitted of possessing by a federal Court Jury. The introduction of Said evidence is in violation Pursuant to the Principle of Collateral estoppel which was embodied in 209 of the Del. Crim Code title 11 PART1 this further violates U.S. Constitutional Amendments 5 and 14

2. The trial Judge committed error at law by Allowing testimony of Appellants Previous Arrest without Properly Applying Standards Set forth in Del. Evid. Rule 403 + 404(b)

3

# Statement of facts

On July 20, 2004 The issue revolving arowned the

introduction of the firearm and the acquittal came

up Prior to opening Statements (A1-A6) Appellants

Counsel Objected on the ground that the introduction

of said evidence would force Appellant to defend

against these allegations for which defendant was

Previously acquitted (A4) Because Neither side could

find solid case laws to support the conclusion or

exclusion of the evidence at the moment, the

trial Judge Allowed the State to move forward

with it's opening statements. The State was allowed

to introduce the weapons Arrest and the defense

was Restricted from mentioning the acquittal

Sheerly out of convenience to the court.

4

Statement of fact (cont.)

With no regard to how it would infringe upon the Appellants right to be free from multiple Prosecutions (A6)

On July 22, 2004 the State sought to introduce the testimony of Jeffrey Silvers (A7) Again the issue of the acquittal came up (A7) The trial court didn't want the witness to inadvertently mention the acquittal and Put boundries on his testimony (A8) This prompted a <u>Getz</u> analysis in regards to the testimony And introduction of the nov 12, 2001 traffic stop" (A8-A10) Officer Jeffrey Silvers testimony (A10-A20)

5

## Argument

1. Trial Judge abused her discretion by Allowing State to introduce evidence of a crime for which Defendant was Previously acquitted.

### Standard and scope of review

In reviewing the Superior Courts denial of post conviction relief this courts standard of review is abuse of discretion. Dawson v. State, 673 A. 2d 1186, 1190 (Del. 199

Flamer v. State, 585 A. 2d 736, 754 (Del. 1990)

In States opening Statements they introduced evidence of a Prior Arrest for possession of a firearm for which Appellant was Previously acquitted by a federal Jury. The State deliberately failed to mention the acquittal. This was done under the guise of D.R.E. 404(B) to prove identity and to bolster the testimony of it's Star Witness.

The introduction of said evidence is in violation

Pursuant to the principle of Collateral estoppel

which was embodied in 209 of the Del. Crim code,

Tittle 11, Part 1

The concept of Collateral estoppel was defined

by the US Supreme Court in Astle V. Swenson, 397

US. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970) As follows:

Collateral Estoppel is an awkward phrase, but it stands

for an extremly important principle in our

adversary system of Justice. It means that simply

when an issue of ultimate fact has been once

determined by a valid and final Judgement,

that issue Cannot be litigated between the

Same parties in any future lawsuit.

7

Although, First developed in Civil litigation, Collateral estoppel has been an established rule of federal criminal law at least since the courts decision more than fifty years ago in <u>U.S. V. Oppenheimer, 242, US 85 (37. Ct. 68, 61 l.ed 161)</u> 1916 id at 443, 90 S. Ct. At 1194

The state here charged defendant with an offense no part of which had been previously litigated. There was therefore no bar to the prosecution itself, since proof of all the essential elements of the offense charged would not necessarily require a relitigation of any issue previously determined.

However, in the Prior Prosecution in federal court the Prosecution sought to prove defendant possessed a firearm. The goverment failed and the defendant

8

was acquitted. The State of delaware later prosecuted defendant for case at bar relying on evidence from the federal case to prove defendants identity in case at bar. The state pursued the same course as did the federal government in trying to prove defendant possessed the weapon. In both instances the state sought to prove to the later jury what it failed to prove to the earlier juries — that Appellant possessed the weapon. <u>Wingate v. Wainwright 464 F 2d 209</u> addresses the issue head on: "We do not perceive any meaningful difference in the quality of "Jeopardy" to which a defendant is again subjected to when the state attempts to prove his guilt by relitigating a settled fact issue is one of "Ultimate fact" or merely

9

an "evidentiary" fact in the second prosecution.

In both instances the State is attempting to prove

the defendant guilty of an offense other than

the one of which he was acquitted. In both instances

the relitigated proof is offered to prove some

element of the second offense. In both instances

the defendant is forced to defend again against

charges or factual allegations which he overcame

in the earlier trial. In determining whether a

prosecution is affected by collateral estoppel, the court

must first examine the prior proceeding to determine

whether a jury in the first case might have rationally

based its verdict upon an issue other than that which

the defendant seeks to foreclose from consideration

in the second case. <u>U. S. V PAPPAS 445 F. 2d 1194(3rd cir</u>

<u>1971)</u>

In applying the principle of collateral estoppel, it is

necessary to examine in depth the issues which were

considered in the prior prosecution including the

pleadings, defenses, evidence and jury charge. <u>75 YALE LAW</u>

<u>Journal 263, 285 ; 74 HARVARD LAW review 1, 38 ; 28 University</u>

<u>Of Chicago LAW review 591, 608. (Sheeran v. State 441 A2d 835</u>

<u>1981)</u>

Having never reviewed prior case state presented evidence

as state thought or hoped it would be, (Trial judge couldn't

fulfill its gatekeeping duties because it lacked any knowledge of

Prior case) specifically speaking about what went to the Prior

Jury in efforts to prove defendant possessed weapon.

11

States Initial argument that state wasn't collaterally estopped by the double Jeopardy Clause from introducing evidence of prior or subsequent conduct was clearly misplaced.

12

Argument

11. The trial Judge Committed error at law
by Allowing testimony of Appellants previous
Arrest.

## Standard and Scope of Review

In reviewing the Superior Courts denial of

Post conviction relief, the Del Supreme Courts standard

is Abuse of discretion. <u>DAWSON v. STATE 673 A.2d 1186,</u>

<u>1190 (Del. 1996)</u>  <u>FLAMER v. STATE, 585 A.2d 736, 754 (Del. 1990)</u>

It was error At law to Permit testimony of defendants

Previous Arrest without Properly Applying standards

set forth in <u>Del. Evid Rule 403 + 404(b)</u> Analysis

of Prior or subsequent bad acts admissibillity.

If evidence of either a prior or subsequent

bad act is offered for a purpose permitted by

<u>Del. Evid. Rule 404(b)</u>, the trial court must

13

engage in the following ANALYSIS: (1) The evidence must be material to an issue or Ultimate fact in dispute in the case; (2) the evidence must be introduced for a purpose sanctioned by the Del. R. Evid. 404(b) or any other purpose not inconsistant with the basic Prohibition against evidence of bad character or criminal disposition; (3) Proof of evidence must be Plain, Clear and conclusive; (4) The bad acts must not be to Remote in time from the charged offense; (5) the Court must balance the Probative value of such evidence against its unfairly prejudicial effect, as required by <u>D.R.E. 403</u>; and (6) Because such evidence is admitted for a limited Purpose, the Jury should

14

be instructed concerning the purpose for its admission as required by D. RE. 105 <u>Joynes V. State</u> <u>979 A.2d 673 Del (2002)</u>

The State sought to introduce othe crimes on subsequent crimes to prove defendants identity in case at bar. The other alleged crime being a "vehicle stop" Nov. 12, 2001 where a firearm was found under/near appellants vehicle. The firearm was said to be ballistically linked to the crime at bar. The State called Det. Jeffrey Silvers to testify as to the vehicle stop and the weapon found under the car. Prior to Det. Silvers testimony the Judge was prompted to do a <u>Getz</u> Analysis by defendants Council.

15

Trial Judge concluded that the probative value outweighed the prejudicial effect without taking into consideration that the alleged bad act wasn't Plain, Clear, nor conclusive. Trial Judge simply stated that the evidence was material and relative to a dispute in the case at bar.

Appellant argues that the trial court erred when she dismissed councils arguments in regards to the actual Possession of the firearm by defendant. This clearly violates the requirements of an analysis by D.R.E. 404(b) when taking into consideration that the testifying officer admitted to never having actually saw defendant in possession of the weapon, therefore

16

Showing evidence of the Crime wasn't Plain, Clear and Conclusive. Ultimately, the ruling forced the Jury to decide whether or not the defendant Possessed the fire arm in a Crime or act unrelated to the Crime for which defendant was then on trial for.

Furthermore, Mere recitation of the General language found in subsection (b), however accurate as a Statement of law in the abstract, does not Provide an adequate Safeguard against an Unfairly Prejudicial effect when evidence of Other Crimes has been admitted <u>Milligan v.</u> <u>State 761 A.2d 6 (Del.2000)</u>

17

Conclusion

The Double Jeopardy Clause in the Delaware And U.S. Constitutions were inacted to Protect the rights of the individual. The evidence regarding the Nov 13, 2001 "traffic stop" where the weapon was retrieved, brought in specifically to help identify Appellant as the perpetrator of the murders was clearly in violation of established laws.

To allow Jeffrey Silvers testimony to go in front of the Jury is a stamp of approval by the Court that it has some validity. Allowing evidence to be entered without properly analyzing the evidence is an abuse of discretion. The case couldn't have been any closer When you take into consideration the facts surrounding the States

18

STAR witness (Trevanion Norton) admitted liar and felon who sought to gain plenty with his testimony. The only thing to solidly corroborate the witnesses Claims that appellant actually Participated in the Crimes at bar was the weapon Retrieved by Officer Silvers. HAd the evidence not been viewed by the Jury, it's no way to determine what the verdict would have been without again Subjecting the evidence to a Jury unbiased by the illegal evidence. At best the Jury shouldve been allowed to review the Complete issue surrounding the Nov. 12, 2001 traffic stop", arrest, trial and acquittal. For the Abuse of discretion on the Part of the trial

Court and the Clear Constitutional Violations

Of Appellants Right to be free from multiple Prosecutions

Appellant prays that his Conviction be reversed

and the case be remanded for a new trial

## Courts Decisions

In the Supreme Courts ruling of the defendants Post conviction relief, it was held that the defendant failed to object to these issues At trial or to raise them on direct appeal and is thus barred under rule 61(i)(3) from raising them now. Additionally, its said that Appellant failed to show cause or prejudice in any of the Claims. The supreme court further ruled that these claims were proceedurally barred because they were previously adjudicated.

21

Entitlement to relief under 28 U.S.C. 2254: Unreasonable application of Clearly established Federal law

The petitioners petition for a writ of habeas corpus was filed July 21, 2008. Therefore, the provisions of the A.E.D.P.A. Apply, and the standard of review is controlled by 28 U.S.C. 2254 (d) which States:

(d) An application for a writ of habeas corpus

on behalf of a person in custody Pursuant

to the Judgement of a State court Shall not

be granted with respect to any Claim that was

adjudicated on the merits in State court

Proceedings Unless the adjudication of the Claim,

(1) Resulted in a decision that was Contrary

to, or involved an Unreasonable application

of Clearly established federal law, as determined

by the Supreme Court of the United States; OR

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence Presented in the State Court Proceeding.

The petitioner assorts that a violation of 2254(d)(1)+(2) occured in this claim.

This Claim was denied by the State Courts because it was believed that the defendant failed to object at trial or raise these issues during direct appeal. The denial of these Claims for this particular reason were an unreasonable determination of the facts because Counsel did object/to argue that the weapon arrest should not come in as evidence

23

Moreover, the defendant showed cause and Prejudice. The Cause being the introduction of the weapons evidence dispite its Double Jeopardy/collateral estoppel implications. admitting the gun arrest (testimony) without regard to the influence it'd have on the Juries verdict is clearly Prejudicial.

The defendant contends that even if he waived these issues by not objecting at trial or raising on direct appeal, Rule 103 of D.R.E Allow the Appellate Court to take notice of "Plain Error" affecting substantial Rights" of the parties on appeal, Even though the error was not brought to the Attention of the

24

trial court.

Appellant now prays that this honorable Court vacate his sentence and bestow upon him the relief afforded him by the U.S. Constitution

Respectfully submitted,

Larry E. Johnson
#277320. DCC
1181 Paddock Rd
Smyrna, DE
19977

25