IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-474-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Larry Johnson. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

MEMORANDUM OPINION

Feb 28, 2011
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Larry Johnson ("Johnson"). (D.I. 1.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2004, a Delaware Superior Court jury convicted Johnson of two counts of felony murder, one count of first degree burglary, one count of second degree conspiracy, and three counts of possession of a firearm during the commission of a felony. The Superior Court sentenced Johnson to a term of life imprisonment. The Delaware Supreme Court affirmed Johnson's convictions and sentences on July 1, 2005. *See Johnson v. State*, 878 A.2d 422, 424 (Del. 2005).

On June 27, 2006, Johnson filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion after ruling that all of his ineffective assistance of counsel claims were meritless and the other claims were barred by Rule 61(i)(3). *State v. Johnson*, 2006 WL 3308200, at *6 (Del. Super. Ct. Nov. 9, 2006). Johnson appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion on March 11, 2008. *Johnson v. State*, 945 A.2d 594 (Table), 2008 WL 643145, at *2 (Del. Mar. 11, 2008).

Johnson filed his federal habeas petition in July 2008, asserting two claims for relief: (1) the trial judge abused her discretion by allowing into evidence a gun seized from Johnson during an arrest, for which he was eventually acquitted; and (2) the trial judge abused her discretion by

1

allowing testimony of Johnson's prior arrest without conducting a proper analysis under *Getz v. State*, 538 A.2d 726 (Del. 1988). (D.I. 2.) The State filed an answer, arguing that the petition should be dismissed as time-barred or, alternatively, for failing to satisfy the standards articulated in § 2254(d)(1). (D.I. 14.) As explained below, the court will deny Johnson's habeas petition as time-barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Johnson's petition, dated July 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Johnson does not allege, and the court

cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Johnson's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Johnson's conviction and sentence on July 1, 2005, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Johnson's conviction became final for the purposes of § 2244(d)(1) on September 29, 2005. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Johnson had to file his § 2254 petition by September 29, 2006 *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Johnson did not file his habeas petition until July 21, 2008,[1] almost two full years after AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, - U.S. -, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state

---

[1] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court adopts the date on the petition, July 21, 2008, as the filing date, because presumably, Johnson could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

When Johnson properly filed his Rule 61 motion June 27, 2006, 271 days of the limitations period had lapsed. The Rule 61 motion tolled the limitations clock from June 27, 2006 through March 11, 2008, the day on which the Delaware Supreme Court decided Johnson's post-conviction appeal. The limitations clock started to run again on March 12, 2008, and ran the remaining ninety-four days without interruption until it expired on June 13, 2008. Therefore, even with statutory tolling, Johnson filed the petition more than one month too late. Accordingly, the petition is time-barred unless equitable tolling is available.

**C. Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter*, 384 F.3d at 77. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

---

[2] *Holland*, 130 S.Ct. at 2562.

4

*Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Johnson does not assert, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant petition. To the extent Johnson erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, equitable tolling is not warranted, and the court will dismiss the petition as time-barred.[3]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not

---

[3]Having determined that the petition is time-barred, the court need not address the State's alternative reason for denying the petition.

required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Johnson's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 08-474-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Larry Johnson's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 1.)

2. The court declines to issue a certificate of appealability because Johnson has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Feb 24, 2011

CHIEF, UNITED STATES DISTRICT JUDGE