IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARRY E. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 08-474-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

In August 2004, a Delaware Superior Court jury convicted petitioner Larry E. Johnson of two counts of felony murder, one count of first degree burglary, one count of second degree conspiracy, and three counts of possession of a firearm during the commission of a felony. The Superior Court sentenced Johnson to a term of life imprisonment. The Delaware Supreme Court affirmed Johnson's convictions and sentences on July 1, 2005. *See Johnson v. State*, 878 A.2d 422, 424 (Del. 2005).

On June 27, 2006, Johnson filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion after ruling that all of his ineffective assistance of counsel claims were meritless and the other claims were barred by Rule 61(i)(3). *See State v. Johnson*, 2006 WL 3308200, at *6 (Del. Super. Ct. Nov. 9, 2006). Johnson appealed, but did not present his ineffective assistance of counsel claims. The Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion on March 11, 2008. *See Johnson v. State*, 945 A.2d 594 (Table), 2008 WL 643145, at

*2 (Del. Mar. 11, 2008).

Johnson filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in July 2008, asserting two claims for relief: (1) the trial judge abused her discretion by allowing into evidence a gun seized from Johnson during an arrest, for which he was eventually acquitted; and (2) the trial judge abused her discretion by allowing testimony of Johnson's prior arrest without conducting a proper analysis under *Getz v. State*, 538 A.2d 726 (Del. 1988). (D.I. 2.) On February 28, 2011, the court denied Johnson's habeas petition as time-barred. (D.I. 19)

Presently pending before the court is Johnson's combined Rule 60(b) motion for reconsideration of the court's 2011 denial of his habeas petition and a request to have counsel appointed to represent him once the case is reopened. (D.I. 20)

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion for reargument and/or reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the

2

motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Johnson's Rule 60(b) motion contends that the court should reopen his case pursuant to *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012) to enable him to present ineffective assistance of counsel arguments that he did not raise in his § 2254 petition. Johnson explains that he presented four ineffective assistance of counsel claims to the Delaware Superior Court in his *pro se* Rule 61 motion, but that he did not present them to the Delaware Supreme Court on post-conviction appeal or to this court in his federal habeas petition because he was representing himself.

The court denied Johnson's petition as time-barred, and Johnson's instant argument does not challenge that decision. Rather, he asserts justification for adding never-presented ineffective assistance of counsel claims to this court, and these ineffective assistance of counsel claims collaterally attack his underlying conviction. In addition, Johnson could have, but did not, raise

these claims in his § 2254 petition. Therefore, the court concludes that the instant Rule 60(b) motion is a second or successive § 2254 petition. *See* 28 U.S.C. 2244(a)(b)(3); 28 U.S.C. 2254.

The record reveals that Johnson did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/petition. Accordingly, the court will dismiss Johnson's motion/petition as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

In addition, even if the court were to treat the instant Rule 60(b) motion as a true motion for reconsideration rather than as a second or successive habeas petition, the motion does not warrant the reopening of Johnson's case. Liberally construing the Rule 60(b) motion, the court interprets Johnson's argument to be that *Martinez v. Ryan* constitutes an intervening change in the law that amounts to an extraordinary circumstance justifying relief under Rule 60(b)(6). However, as explained by the Supreme Court, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agnostini v. Felton*, 521 U.S. 203, 239 (1997). Indeed, courts addressing this issue thus far have consistently held that the *Martinez* decision does not constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6), at least in non-capital cases. *See Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012); *Sheppard v. Robinson*, 2013 WL 146342, at *11 (S.D. Oh. Jan. 14, 2013)(collecting cases). For the following reasons, the court finds their reasoning persuasive.

In *Martinez*, the Supreme Court held for the first time that the ineffective assistance of

counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a **claim of ineffective assistance of trial counsel**, when, under state law, claims regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. *Martinez,* 132 S.Ct. at 1320. (emphasis added). However, the *Martinez* Court emphasized that it's holding merely "qualified" *Coleman v. Thompson*'s, 501 U.S. 722, 746-47, 752 (1991) rule that the ineffective assistance of post-conviction counsel could not constitute cause for a procedurally defaulted claim of ineffective assistance of trial counsel. *Martinez,* 132 S.Ct. at 1319. The *Martinez* Court also described its holding as an "equitable ruling" rather than a "constitutional ruling." *Martinez,* 132 S.Ct. at 1319-20. And finally, *Martinez* did not hold that a petitioner has a constitutional right to counsel in an initial collateral proceeding or in a § 2254 proceeding (and actually explicitly refrained from making such a ruling). *See Martinez,* 132 S.Ct. at 1315. Accordingly, given the *Martinez* Court's recognition of the limited change in decisional law brought about its decision, the court concludes that *Martinez* does not, on its own, constitute an "extraordinary circumstance" warranting Rule 60(b)(6) relief.

Moreover, the change of law announced in *Martinez* does not apply to Johnson's case. First, this court's consideration of Johnson's petition was limited to the threshold issue of timeliness, not procedural default. Second, and perhaps most significantly, Johnson's petition did not assert any ineffective assistance of trial counsel claims, not even as a method of excusing the untimely filing of his habeas petition under the equitable tolling doctrine. Thus, the court concludes that *Martinez* does not provide a basis for the court reconsider its denial of Johnson's petition.

Having decided to deny Johnson's Rule 60(b) motion, the court will deny Johnson's request for counsel as moot. Accordingly, the court will deny Johnson's Rule 60(b) motion/ request for appointment of counsel in its entirety.

## IV.  CONCLUSION

For the aforementioned reasons, the court will deny Johnson's Rule 60(b) motion and request for counsel. In addition, the court will not issue a certificate of appealability, because Johnson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

July 30, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

6